GEORGE REAM v. MERCHANTS' NATIONAL BANK OF LIMA, OHIO.

CONSTRUCTION OF AN ALLEGED WARRANT OF ATTORNEY.

Where a suit is brought by the indorsee upon the note, a copy of which is set out below:
*Held*, that the alleged warrant of attorney is not negotiable. The alleged warrant of attorney conferred no authority to confess a judgment in favor of an *indorsee* or *transferee*. Upon confession by an attorney, without process, the court has had no jurisdiction to render judgment upon the note in favor of an *indorsee*.

ERROR to the Court of Common Pleas of Allen county.

On the 11th day of October, A. D. 1886, the Merchants' National Bank of Lima, Ohio, filed its petition in the court of common pleas of Allen county against Ream, praying for a judgment against him upon a promissory note, with an alleged warrant of attorney annexed, of which note and alleged warrant of attorney the following is a copy:

"$105.00.            ADA, OHIO, Sept. 11th, 1885.

" On the 1st day of October, .1886, I promise to pay L. Emmons, or bearer, one hundred and five (105) dollars for value received, with 6 per cent. interest before due, and eight per cent. after due; interest to be paid annually, and we jointly and severally, hereby authorize any attorney at law, at any time after the above sum becomes due, with or without process, to appear for us in any court of record in the state of Ohio, and confess judgment against us, for the amount then due hereon, with interests and costs, and to release all error and the right of appeal.

" Witness our hands and seals.

" No. 3777, Oct. 4th.            GEORGE REAM [SEAL]."

Endorsed: " For value received I hereby assign the within note to Merchants' National Bank, and waive protest of non-payment thereof.

"THOS. J. MCELROY,"

Ream was not notified by summons or otherwise of the pendency of the action.

Under the alleged warrant of attorney, M. J. Sanford, an attorney at law, confessed judgment in favor of the bank against Ream for $111.92, with interest at eight per cent., upon which confession and the petition the court rendered judgment in favor of the bank and against Ream for the amount confessed to be due; the judgment was rendered upon the same day the petition was filed.

At the same term Ream came into court, and, entering his appearance for the purpose of his motion only, moved the court to vacate the judgment, for the reason that the court had no jurisdiction of his person or the subject-matter. The court overruled his motion, and he excepted.

He files this petition in error to reverse the judgment and the order of the court overruling his motion to vacate the judgment.

BEER, J.

Whether the alleged warrant of attorney would authorize the confession of a judgment in favor of the payee or not, is not decided, that question not being *necessarily* before us. The question then is, whether the confession under the alleged warrant of attorney gave the court jurisdiction of the plaintiff in error to render judgment on the note in favor of the bank. It will be observed that no authority is *expressly* conferred to confess a judgment in favor of any indorsee or legal holder.

" A warrant of attorney to confess judgment must be strictly construed, and the authority thereby conferred cannot be exercised beyond the limits expressed in the instrument." Cushman v. Welsh, 19 O. S., 536.

" The attorney can do nothing more than execute the power conferred by his warrant, and his authority must be strictly pursued, and is never extended beyond that which is given in its terms." Ib.; 8 Dun. & East., 257 ; Story on Agency, sec. 68.

The alleged warrant of attorney attached to the note is not by its terms negotiable, and when the note was transferred, it became invalid and inoperative. Osborn v. Hawley, 19 O., 130 ; Marsden v. Soper, 11 O. S., 503.

It is true that it has been recently held that a warrant of attorney may be transferred by the payee of a note, and a valid judgment rendered thereon in favor of the holder; but in all the reported cases the power is *expressly conferred* to confess a judgment in favor of the *legal holder* or *the holder*. Watson v. Paine, 25 O. S., 340, 346; Clements v. Hull, 35 O. S., 141.

Under the cases cited we hold that the attorney in this case exceeded the power conferred, and that the court had no jurisdiction.

Judgment of the common pleas court reversed.